70 F.3d 1276
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Reginald JONES, Appellant.
UNITED STATES of America, Appellee,
v.
Donald HORTON, Appellant.
 Nos. 95-1918, 95-2147.
 United States Court of Appeals, Eighth Circuit.
 Nov. 27, 1995.
 
 Before WOLLMAN, MAGILL and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Reginald Jones and Donald Horton appeal the sentences imposed by the district court[1] after they pleaded guilty to drug charges. We affirm.
 
 
 2
 Jones pleaded guilty to conspiring to distribute cocaine base (crack) and distributing crack, in violation of 21 U.S.C. Secs. 841(a) and 846, and was sentenced to 150 months imprisonment and five years supervised release. Horton pleaded guilty to distributing crack, in violation of 21 U.S.C. Sec. 841(a), and was sentenced to 96 months imprisonment and four years supervised release.
 
 
 3
 On appeal, Jones and Horton challenge the constitutionality of the 100-to-1 ratio between penalties for crack cocaine and powder cocaine, set forth in 21 U.S.C. Sec. 841(b), arguing that there is no scientific difference between the two substances. In support of this contention, they rely on evidence originally presented in United States v. Davis, 864 F.Supp. 1303 (N.D.Ga.1994), appeal docketed, No. 95-8057 (11th Cir. Jan. 17, 1995). They maintain that section 841(b) is thus void for vagueness, or alternatively, that its application is barred by the rule of lenity. Jones and Horton also argue that the penalty provisions of section 841(b) violate their equal protection and due process rights. These arguments are foreclosed by our recent decisions in United States v. Clary, 34 F.3d 709, 712-14 (8th Cir.1994), cert. denied, 115 S.Ct. 1172 (1995); United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir.1995).
 
 
 4
 Finally, Horton contends the district court erred in failing to recognize that it had the authority to depart downward based on the United States Sentencing Commission's February 1995 report to Congress recommending against the current 100-to-1 sentencing ratio, and the Commission's subsequent proposal to Congress to amend the Guidelines so as to eliminate the distinction between penalties for crack and powder cocaine. Horton argues that these events constitute mitigating factors the Commission did not consider when it formulated the existing Guidelines, permitting departure under 18 U.S.C. Sec. 3553(b) and U.S.S.G. Sec. 5K2.0. We may not review this claim. See United States v. McMurray, 34 F.3d 1405, 1414 (8th Cir.1994), cert. denied, 115 S.Ct. 1164 (1995); United States v. Johnson, 28 F.3d 1487, 1500 (8th Cir.1994), cert. denied, 115 S.Ct. 768 (1995). This argument is foreclosed by our recent decision in United States v. Higgs, --- F.3d ----, No. 95-1928 (8th Cir. Nov. 9, 1995). In that case, we stated:
 
 
 5
 Notwithstanding that a racially disparate impact of the current sentencing scheme may be a serious matter, only Congress or the Sentencing Commission, and not the courts, can effect a change in the Guidelines, and thus this is not a basis upon which a court may rely to impose a sentence outside of the applicable Guidelines range. We note that Congress recently rejected the Commission's proposed amendment.
 
 
 6
 Id. at ---- (citation omitted) (citing United States v. Maxwell, 25 F.3d 1389, 1401 (8th Cir.), cert. denied, 115 S.Ct. 610 (1994)).
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri